## CHASE *v.* COX.

### Opinion delivered January 29, 1898.

ACTION ON GUARANTY—SUFFICIENCY OF COMPLAINT.—A complaint on a
guaranty which does not allege that the guaranty was accepted by the
guarantee, nor allege that it was based on a valuable consideration,
fails to state a cause of action.

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

The appellant *pro se.*

The act of 1891 (p. 91,) entitled "An act to fix the
liability of sureties on bonds and other obligations in this
state," bars the defense set up in the first paragraph of Spain's
answer. No notice of acceptance need be given to the guaran-
tor by the guarantee in the case of an absolute guaranty, the
terms of which are definite as to extent and amount. 4 Ark.
86; 24 Ark. 517; Tied. Com. Paper, § 320; 3 N. Y. 203; 28
L. R. A. 209; 9 Am. & Eng. Enc. Law, 68. If was unnecessary
for appellant to allege notice of non-payment by the primary
debtor, and that all legal remedies for the collection of the debt
had been exhausted. Anderson's Law Dict. 498, last note; *ib.*
996; 40 Ill. 155; 39 Ill. 574; 24 Ala. 489; 9 Am. & Eng.
Enc. Law, 79; 44 N. E. 93.

*Block & Sullivan,* for appellees.

An order sustaining a demurrer is not a final judgment,
from which an appeal will lie. 27 Ark. 113; 44 *ib.* 344. The
complaint fails to state a cause of action, since it contains no
allegation of delivery of goods, or indebtedness, or that the debt
had matured when the action was begun. Also, the contract
being one of guaranty, appellant should allege demand and fail-
ure to make payment and notice of such failure to appellee. 22
Ark. 540; 8 Johns. 29; 4 Ark. 85. Failure of a co-guarantor,
upon whose signing the obligation of a guarantor is made to be
conditional, to sign is a valid defense to the contract of such
guarantor. 48 Ark. 426; 57 *ib.* 65. The statute of 1891

(Sand. & H. Dig., § 7318) applies to "sureties," but not to a guarantor, who is bound on his own independent undertaking. 36 N. E. 455. Failure of the guarantee to give notice to the guarantor of acceptance of his guaranty is a valid defense. 22 Ark. 540; 7 Peters (U. S.), 125.

BATTLE, J. The following, omitting the prayer, is the complaint in this action:

"The plaintiffs, E. H. Chase & Co., state that they are a corporation, organized and doing business under the laws of Kentucky; that on or about the 8th of October, 1894, they sold and delivered to M. C. Cox & Company, a firm composed of M. C. Cox and G. W. Cox, goods and merchandise to the value of three hundred ninety-nine and 30-100 dollars ($399.30) as set out by plaintiff's itemized, verified statement filed herewith, and prayed to be made a part hereof; that W. W. Bandy and D. S. Spain guarantied the payment of said bill at maturity, evidence in writing, a copy of which guaranty in writing is filed herewith, and prayed to be made a part hereof; that payment of said bill has been refused by all of the defendants herein."

The defendants Spain and Bandy demurred to it because it does not contain a statement of facts sufficient to constitute a cause of action as to them, and Spain at the same time filed a separate answer to the complaint, and the plaintiff demurred to it because the facts stated therein were not sufficient to constitute a defense. The court sustained the demurrer to the complaint, and overruled that to the answer, and, the plaintiff refusing to amend or plead further, dismissed its complaint; and the plaintiffs appealed.

The complaint fails to state a cause of action against the defendants Spain and Bandy. It does not show that the guaranty was accepted by the appellant, or based on a consideration, or that any valid contract was thereby entered into by the appellant and appellees, Spain and Bandy. Goods were sold, but whether before or after the guaranty, or that the guaranty was made in consideration of the sale, does not appear. Spain and Bandy guarantied the payment of the price for which the goods were sold, but it does not appear

that appellant did, or agreed to do, anything in consideration thereof. 2 Daniel, Negotiable Instruments (4 Ed.), §§ 1759–1761; Brandt, Suretyship & Guaranty (2 Ed.), § 3.

Appellant having failed to state a cause of action against Spain and Bandy, it is unnecessary to notice its demurrer to the answer. The circuit court should not have considered it, as there was nothing to be answered by appellees.

The judgment of the circuit court is modified by omitting the mention of the overruling of the demurrer to the answer, and by making it show the sustaining of the demurrer to the complaint and a dismissal of the action as to the appellees, Spain and Bandy, without prejudice to its right to bring another by the filing of a good and sufficient complaint, and suing out process.